IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: 2555 N. MacGregor, LLC　　　　　　　　　　CASE NO15-31952-H1-11
　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　§
DEBTOR　　　　　　　　　　§　　　　　　　　CHAPTER 11

**BAKER & ASSOCIATES FINAL APPLICATION FOR APPROVAL OF
COMPENSATION FOR SERVICES RENDERED, AND REIMBURSEMENT OF
EXPENSES INCURRED AS BANKRUPTCY COUNSEL FOR DEBTOR FOR THE
TIME PERIOD OF APRIL 7, 2015 TO JANUARY 15, 2016**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

　　Baker & Associates ("Applicant") submits this Final Application for Approval of Compensation for the Services Rendered and Reimbursement of Expenses Incurred as Bankruptcy Counsel for 2555 N. MacGregor, LLC ("the Debtor") for the time period of April 7, 2015 to January 15, 2016 (the "Fee Application") and shows as follows:

1. Debtor filed its bankruptcy petition on April 6, 2015, as a case under chapter 11 in the United States Bankruptcy Court for the Southern District of Texas. Applicant represented the Debtor in the chapter 11 case.

2. Applicant was employed by and acted as bankruptcy counsel for the Debtor and the Debtor's estate for the Chapter 11 case.  This application is for the fees and expenses of Applicant in its representation of Debtor for the time period of the Chapter 11 case.

3. By this Fee Application and pursuant to 11 U.S.C. § 330(a) and 331 and Bankruptcy Rule 2016, Applicant seeks final approval of its fees and expenses.

4. Applicant requests approval of its fees and expenses in the total amount of $42,672.56 for the Chapter 11 case.

5. Prior to the filing the Debtor deposited with Applicant in its IOLTA account the amount of $2,500.00 on April 6, 2015. Applicant applied $ 740.00 to the payment of pre-petition services and $1,717.00 to the filing fees and deposited the remaining of $43.00 in the IOLTA account of Applicant.

6. Applicant incurred $42,300.00 in legal fees during the chapter 11 case.  Applicant seeks approval for the fees in the chapter 11 case in this application.

7. In addition to its fees, Applicant normally seeks and recovers reimbursement of U.S. mail, messenger, Federal Express and other courier services, legal research, travel expenses, long distance telephone and fax charges, and document reproduction cost from its client in both bankruptcy and non-bankruptcy cases.  Applicant requests that this court approve the reimbursement of the total expenses of $ 372.56.

**Case Status, Background of Debtors and Description of Services, Activities, and Issues in Case and Results Achieved**

8. On April 6, 2015, Debtor filed its Chapter 11 case.

9. The Debtor is a limited liability company that owns an old an building that has been converted and is being used as an office building.  The building is located in an area of Houston near downtown and very close to a main interstate.

10. The office building is subject to a deed of trust lien in favor of a bank.  The bank loaned money for the purchase and improvements of the office building.

11. The office building is occupied by a law firm whose principal attorney is the owner of the Debtor.  The office building is the location of the legal firm for the owner of the Debtor.

12. The owner of the Debtor encountered financial difficulties when he changed the structure and type of his practice of law.  He lost money while operating his law practice and had

insufficient funds to make the necessary payments on the loan for the building owned by the Debtor.

13. Applicant met with the debtor's representative shortly before a scheduled foreclosure date for the building. The chapter 11 case was filed to prevent the foreclosure of the asset of the Debtor.

14. Applicant took the usual actions for the initial debtor conference, the application to employ counsel, motion to use cash collateral and other initial motions.

15. The Debtor had not filed tax returns for several years. Applicant worked with the Debtor on tax returns.

16. Applicant obtained the use of cash collateral for the Debtor.

17. The Debtor did not engage an accountant to assist with preparation of the monthly reports. Applicant worked with the Debtor to review, correct and adjust the monthly reports for consistency and accuracy.

18. Applicant also had to work with the owner of the Debtor to prepare and adjust the projections for the plan and disclosure statement.

19. Applicant worked with the Debtor to complete the disclosure statement and plan in July of 2015.

20. Due to concerns that the Debtor was struggling with income and rental of the property, the hearings on the disclosure statement and approval of the plan were continued.

21. The Debtor had issues with compliance on the use of cash collateral. Applicant worked with the Debtor on compliance issues to resolve the issues.

22. The confirmation hearing was continued to August 26 to allow the Debtor an opportunity to increase rental revenues.

23. Applicant updated and revised the disclosure statement and plan for the hearing on August 26.

24. The disclosure statement was approved with changes on August 26.

25. Applicant made the required revisions and sent out the disclosure statement and plan in late September of 2015.

26. After preparing and mailing the Third Amended Disclosure Statement and Plan, Applicant worked with Tax Ease on the changes requested by Tax Ease.

27. Applicant also worked with the Debtor on resolving issues with Post Oak Bank.

28. Applicant met with the debtor and Post Oak Bank to review outstanding issues. Applicant recommended that Post Oak Bank acquire the Tax Ease loan to reduce the interest paid on the Tax Ease loan and to allow for larger payments to Post Oak Bank.

29. Applicant filed a motion to continue the confirmation hearing set for October 20 in an effort to attempt to resolve open issues with Post Oak Bank. The Debtor had not finalized an agreement with Post Oak Bank.

30. Applicant amended the plan and disclosure statement to include language as requested by Harris County.

31. Applicant worked with the debtor to finalize the payoff of the Tax Ease loan by Post Oak Bank.

32. Applicant worked with the Debtor to complete and file the monthly reports. The Debtor did not employ an accountant.

33. Applicant filed another motion to continue the confirmation hearing from November 10 to allow additional time for an agreement to be reached with Post Oak Bank. The Bank had agreed to the continuation. The court continued the hearing to December 17, 2015.

34. The Debtor completed and provided to Applicant the monthly reports shortly before the December 17 hearing.

35. The Debtor had been working on an agreement with Post Oak Bank. Post Oak Bank had reached an agreement to acquire the Tax Ease loan. The Debtor filed an emergency motion to continue the December 17 hearing to allow the acquisition of the Tax Ease loan to be completed by Post Oak Bank. The confirmation hearing was continued to December 29.

36. Tax Ease had also filed a motion for valuation. The motion was approved.

37. Applicant completed amendments to the chapter 11 plan after the acquisition of the Tax Ease loan had been completed by Post Oak Bank.

38. Applicant completed all monthly reports and financial information.

39. Applicant completed all matters for confirmation.

40. The owner of the Debtor had a mediation scheduled for December 29 on a significant case. The owner of the Debtor was unable to attend.

41. Applicant obtained confirmation of the chapter 11 plan on December 29.

### Time and Labor Required

42. Applicant has set forth the actual time expended by Applicant in detail in Exhibit A, and summarized the time according to the person providing the service. As reflected in Exhibit A, Applicant's professionals expended a total of 81.4 hours in this case ($35,265.00) and Applicant's para-professionals expended a total of 47.9 hours ($7,035.00).

43. Applicant has used associate and paralegal skills to perform services that are more cost effectively performed by these individuals. Applicant believes that the services performed were performed by the most efficient persons.

### The Novelty and Difficulty of the Issues Involved

44. The case involved a single asset real estate building. The owner of the Debtor is an attorney who is also a tenant in the building.

45. The issues involved were not necessarily novel or difficult. The difficulty occurred with the time the debtor needed to get to a position of being able to reorganize. The owner of the debtor had debt issues with the principal lender to the debtor. The lender considered the loans to the debtor and the owner of the debtor in one category. Applicant met with the lender and worked with the lender to complete the reorganization.

### Skills Requisite to Properly Perform the Legal Services

46. An understanding of the bankruptcy laws and issues was important to the proper representation of the Debtor. This case presented issues that required a working knowledge of the Bankruptcy Code and case law. This case required an attorney with working knowledge and skill in Chapter 11 cases. The case also required an attorney familiar with real estate lending and structures of real estate loans.

### Preclusion from other Employment

47. Counsel is actively involved in consumer cases and other business chapter 11 cases. The involvement in a chapter 11 case requires considerable time and does restrict the ability of counsel to involvement in chapter 13 cases. The case did not preclude Applicant from other cases.

### Customary Fee

48. All charges for services rendered and for reimbursement of cost incurred are the rates in the amounts Applicant customarily billed to, and collected from, Applicant's other clients for similar services. Applicant's time records indicating (i) all professional and para-professionals who rendered services for the Debtor, (ii) the time expended by each person

for each day, (iii) the respective billing rates of these persons, and (iv) the total requested amounts for services rendered to the Debtor are attached as Exhibit A. Applicant's attorneys and para-professionals recorded the services they performed on daily time sheets in six minute increments, or in tenths of an hour. These time entries were made substantially contemporaneously with the performance of the services described in the time records and were kept in the regular course of the Applicants business. Additionally, Exhibit B details by category the fees actually incurred. Applicant believes that the amount requested as compensation for services rendered and for reimbursement of expenses incurred are reasonable, necessary and should be approved.

### Whether the Fee is Fixed or Contingent

49. Applicant has calculated its fees on the basis of a fixed hourly rate for the services performed.

50. Applicant received one payment on April 6, 2015, from the Debtor.

51. After applying payment for pre-petition services, Applicant had no funds in its trust account. Applicant did not receive any other payments during the chapter 11 case. Applicant relied on the ability of the Debtor to make payments after confirmation. While the fees have been charged on an hourly basis, Applicant will not get paid unless the Debtor is able to successfully operate its business after confirmation. Due to the payments made to Applicant and the payments to be made to Applicant, the fees are more in the form of a contingency payment.

52. Applicant is to be paid by the owner of the Debtor. Applicant did have an agreement that the owner of the Debtor would also be responsible for payments of its fees. Except as stated herein, Applicant has no agreements or understandings with any other entity about

the sharing of any payments except as to the internal arrangements of Applicant for its members and employees.

53. Applicant's fees and expenses are contingent to the extent that they are subject to court approval and amount of funds available for distribution to creditors. Applicant has agreed to be paid over time by the owner of the Debtor. Applicant is relying on the success of the owner of the Debtor and Debtor's business. As stated, the agreement for an extended payment and the payment being based on the success of the Debtor business make the fees and expenses contingent upon the Debtor's continuing ability to make payments.

### Limitation Imposed by the Client or Other Circumstances

54. Applicant attempted to work to meet deadlines imposed by the court and by the circumstances. The Debtor had business operations that required prompt action at times. The need to complete matters and obtain approvals on a timely basis for certain matters required Applicant to have limited opportunities for other matters.

### Amounts Involved and Results Obtained

55. The case involved a unique building in an historic area of Houston occupied by the attorney/owner. The attorney/owner had been leasing space in the building to other attorneys and other businesses.

56. The Property had been posted for foreclosure which caused the filing of the chapter 11 case. Applicant worked with the owner of the Debtor to move forward and structure a plan of reorganization that would work for the Property.

57. The debtor was restructured with an agreement with the primary lender such that all parties reached an agreement on the terms of the plan of reorganization.

58. Due to the agreement reached with the primary lender, the confirmed plan was very beneficial to the Debtor. The Debtor confirmed a chapter 11 plan that allows the Debtor to restructure and move forward while continuing to own the Property. The Debtor anticipates that the Property will continue to appreciate in value over the next years.

### Experience, Reputation and Ability of the Applicant

59. Applicant is experienced, capable, and has a good reputation in the community. Applicant's bankruptcy section has been retained in similar bankruptcy cases to represent clients from all around the nation. Applicant is Board Certified by the Texas Board of Legal Certification in Business Bankruptcy Law and Consumer Bankruptcy Law and by the American Board of Certification in Business Bankruptcy Law.

### The Undesirability of the Case

60. Applicant represented an entity that as of the filing date had insufficient funds for operations and relied on its owner for restructuring. Many attorneys would not have considered the involvement in the case, the time required and the contingency nature of payment. Applicant believes that this case was not a case that many attorneys would have undertaken.

### Nature and Length of Professional Relationship with the Debtor

61. Applicant had known the owner of the Debtor in prior a bankruptcy case. The owner of the Debtor had represented a creditor in another chapter 11 case. Applicant and the owner of the debtor had worked on opposite sides but had worked together on good terms in the prior case.

### Awards of Similar Cases

62. The fees requested by Applicant are comparable to the fees requested in other similar proceedings for similar services. Applicant request that this court take notice of awards in comparable cases for comparable services.

### Application of Retainer

63. As of April 6, 2015, Applicant had received $2,500.00 from the Debtor and has $43.00 in its IOLTA for the Chapter 11 case upon the filing of the chapter 11 case.

### Fees and Expenses Requested

64. The fees and expenses requested in this application are as follows:

| | |
|---|---|
| Total Fees | $42,300.00 |
| Total Expenses | $   372.56 |
| Total Amount | $42,672.56 |

65. The Expenses of Applicant are set forth on Exhibit C. Applicant believes that the total expenses are reasonable, necessary, and appropriately reimbursable.

### Conclusion

66. Applicant believes that the services rendered by it as described have been beneficial to the Debtor's estate. Applicant further believes and represents that the Total Fees and Expenses sought in connection with the services provided are reasonable based upon the nature, extent and value of the services, the time spent on the services, and the cost of comparable services rendered other than in a case under Title 11 of the United States Code.

WHEREFORE, Applicant respectfully requests that this court enter an Order (i) approving Applicant's request for allowance of Total Fees of $42,300.00 and allowance of Total

Expenses of $372.56 for the period of April 7, 2015 to January 15, 2016, for the chapter 11 case and (ii) and for such other and further relief as to which this court may deem appropriate.

DATED:  February 29, 2016

                Respectfully submitted

                */s/ Reese W. Baker*
                _____
                Reese W. Baker
                Baker & Associates.
                Tx Bar No. 01587700
                5151 Katy Freeway, Ste. 200
                Houston, TX 77007
                713-869-9200
                713-869-9100 (Fax)
                ATTORNEY FOR 2555 N. Mac Gregor, LLC